1  THE TIDRICK LAW FIRM
   STEVEN G. TIDRICK, SBN 224760
2  JOEL B. YOUNG, SBN 236662
   2039 Shattuck Avenue, Suite 308
3  Berkeley, California  94704
   Telephone:  (510) 788-5100
4  Facsimile:  (510) 291-3226
   E-mail:    sgt@tidricklaw.com
5  E-mail:    jby@tidricklaw.com

6  Attorneys for Individual and Representative
   Plaintiff ROXANNE KINNEY

7
                        UNITED STATES DISTRICT COURT
8
                        EASTERN DISTRICT OF CALIFORNIA
9

10  ROXANNE KINNEY, on behalf of herself and    No. 2:14-cv-01615-TLN-DB
    all others similarly situated,
11                                              **ORDER GRANTING (1) PLAINTIFF'S
                    Plaintiff,                  MOTION FOR FINAL APPROVAL OF
12                                              CLASS SETTLEMENT, AND (2)
            v.                                  PLAINTIFF'S MOTION FOR AWARD OF
13                                              ATTORNEYS' FEES AND COSTS AND
    NATIONAL EXPRESS TRANSIT                    SERVICE AWARD, AND JUDGMENT**
14  SERVICES CORPORATION,

15                  Defendant.

16

17

18

19

20          Plaintiff's Motion for Final Approval of Class Settlement and Plaintiff's Motion for

21  Award of Attorneys' Fees and Costs and Service Award (the "Motions") came on regularly

22  for hearing on January 11, 2018, in the United States District Court for the Eastern District of

23  California, the Honorable Troy L. Nunley presiding. All parties were represented by counsel.

24          Having considered the memoranda and declarations, oral arguments of counsel, and

25  the relevant statutory and case law, the Court GRANTS Plaintiffs' Motions and orders and

26  finds as follows, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and

27  Rule 23(c) and (e) of the Federal Rules of Civil Procedure ("Rule 23"):

28  ///

                                                1

**Introduction**

1. On August 7, 2017, the Court granted preliminary approval of the class action settlement agreement ("Settlement Agreement" or "Settlement") (Docket No. 20-1). (*See* ECF No. 32 (Preliminary Approval Order).)[1] The Court hereby incorporates by reference that order's summary of the lawsuit and the proposed Settlement. Capitalized terms throughout this order have the definitions given them in the Settlement Agreement.

**Jurisdiction**

2. The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the California state law claims because they are so related to this action that they form part of the same case or controversy under Article III of the United States Constitution.

**Notice to the Class**

3. The Court previously approved the class notice and plan, and ordered that notice be mailed to the class. (*See* ECF No. 32 (Preliminary Approval Order), at ¶ 4.) The notice provided constituted the best notice practicable under the circumstances and met the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure. *See Silber v. Mabon*, 18 F.3d 1449, 1453-54 (9th Cir. 1994).

**Certification of the Class**

4. The Court confirms its previous certification of the Class as defined in the Settlement Agreement (ECF No. 20-1) or settlement purposes only pursuant to Federal Rules of Civil Procedure 23 and 29 U.S.C. § 216(b).

5. The Class consists of: All individuals who are or have been employed as non-exempt bus operators on or after May 25, 2013 through the date of preliminary approval ("Class Period") in California, excluding any individual who was not employed on or after July 1, 2013, or was not a member of the Amalgamated Transit Union, Local Division 192. Notwithstanding the above, the Class shall include every individual who has filed a consent to join this action as of November 3, 2015.

---

[1] Record citations refer to material in the Electronic Case File ("ECF"); pin-cites are to the ECF-generated page numbers at the top of the documents.

### Class Representatives, Class Counsel, and Claims Administrator

6. The Court confirms its previous appointment of Plaintiff Roxanne Kinney as the Class Representative, finding that she has claims that are typical of members of the class generally and that she is an adequate representative of the other members of the class. (*See* ECF No. 32 (Preliminary Approval Order), at ¶ 3.)

7. The Court confirms its previous appointment of Steven G. Tidrick, Esq. and Joel Young, Esq. of The Tidrick Law Firm as Class Counsel, finding that they have sufficient qualifications, experience, and expertise in prosecuting class actions. (*See* ECF No. 32 (Preliminary Approval Order), at ¶ 3.) The Court finds that they have represented the class adequately for purposes of entering into and implementing the Settlement.

8. The Court confirms its previous appointment of Simpluris, Inc. as the settlement administrator. (*See* ECF No. 32 (Preliminary Approval Order), at ¶ 4.)

### No Objections to the Settlement

9. No objections to the settlement were received or were filed with the Court.

### Final Approval of Settlement

10. The Parties' Proposed Joint Stipulation of Settlement and Release and the attachments thereto, including the proposed notice to class members and claim form, filed January 26, 2016 ("Settlement Agreement") (Docket No. 20-1), are preliminarily approved;

11. The Settlement Agreement, which the Court preliminarily approved as fair, adequate, and reasonable, and within the range of possible approval, is approved, and the definitions used therein are adopted for use herein as fair and reasonable as set forth herein.

12. This ruling is based on federal common and statutory law, including 29 U.S.C. § 216(b) and the Federal Rules of Civil Procedure, as well as federal and other authority, including the Federal Judicial Center's Manual For Complex Litigation (4th ed. 2004).

13. Settlement is a strongly favored method for resolving disputes, particularly "where complex class action litigation is concerned." *Class Plaintiffs v. City of Seattle,* 955 F.2d 1268, 1276 (9th Cir. 1992); *see, e.g., In re Pac. Enters. Sec. Litig*., 47 F.3d 373, 378 (9th Cir. 1995). A court may approve a proposed class-action settlement only "after a hearing and on finding that it

is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). The court need not ask whether the proposed settlement is ideal or the best possible; it determines only whether the settlement is fair, free of collusion, and consistent with the named plaintiff's fiduciary obligations to the class. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026-27 (9th Cir. 1998). In *Hanlon*, the Ninth Circuit identified factors relevant to assessing a settlement proposal: 1) the strength of the plaintiff's case; 2) the risk, expense, complexity, and likely duration of further litigation; 3) the risk of maintaining class-action status throughout trial; 4) the amount offered in settlement; 5) the extent of discovery completed and the stage of the proceeding; 6) the experience and views of counsel; 7) the presence of a government participant; and 8) the reaction of class members to the proposed settlement. *Id.* at 1026 (citation omitted). *See also Churchill Village, LLC v. General Electric*, 361 F.3d 566, 575 (9th Cir. 2004). In determining whether the Settlement should be approved, the Court has considered those factors. The Court also has considered whether the Settlement is "the product of collusion among the negotiating parties." *Id*. at 576.

14. The Court finds that the Settlement is a fair and reasonable resolution of a *bona fide* dispute. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982); *McKeen-Chaplin v. Franklin Am. Mortg. Co.*, 2012 U.S. Dist. LEXIS 179635, at *6 (N.D. Cal. Dec. 19, 2012); *Yue Zhou v. Wang's Rest.,* 2007 U.S. Dist. LEXIS 60683, at *2-4 (N.D. Cal. Aug. 8, 2007). *Accord Stevens v. Safeway Inc.,* 2008 U.S. Dist. LEXIS 17119, at *12-13 (C.D. Cal. Feb. 25, 2008).

15. The proposed Settlement is fair, adequate, and reasonable and therefore approved. The Court directs that the Settlement be consummated in accordance with the terms and conditions set forth in the Settlement Agreement. The Settlement Agreement is hereby incorporated by reference.

**Request for Exclusion**

16. Only one (1) of the 179 putative class members, specifically, Ms. Willie Dean Street, requested exclusion from the class. Ms. Street's exclusion letter omitted her social security number and telephone number as required under the settlement agreement. However, Ms. Street attached her 2014 W2 which included her social security number. Furthermore, the

deficiency letter sent by Simpluris did not list the absence of a telephone number as a deficiency. (ECF No. 35-1 at 25.) Ms. Street provided timely notice with her social security number attached and was not informed the absence of her telephone number constituted a deficiency, thus necessitating a new exclusion form. Accordingly, the Court finds good cause exists to find Ms. Street's request for exclusion was valid. She is hereby excluded. (*See* Declaration of Cassandra Cita, at ¶¶ 11-12 & Exs. A, B, C, D, and E.)

### Plaintiff Roxanne Kinney's Claim Form

17. Plaintiff Roxanne Kinney submitted her claim form after the October 27, 2017 claim form deadline. Defendant provided Simpluris with a list of addresses for all potential class members including Ms. Kinney. Simpluris mailed a notice packet to the address provided by Defendant on August 28, 2017. On August 29, 2017, Ms. Kinney's counsel requested Simpluris mail a notice packet to a different address. Simpluris complied with the request and mailed a new packet to the alternate address on August 31, 2017. The first notice packet was returned undeliverable on October 2, 2017. Simpluris skip traced the packet which yielded the same address as the one provided by Ms. Kinney's counsel. Simpluris then sent a third packet to Ms. Kinney at the alternate address on October 11, 2017. Ms. Kinney contacted Simpluris on November 20, 2017, requesting that they call her. Simpluris called Ms. Kinney on November 21, 2017, who asserted she never received a notice packet. She requested a copy by email, which Simpluris delivered the same day. Ms. Kinney returned a signed form the same day. (*See* Declaration of Cassandra Cita, at ¶¶ 9–10 & Ex. F.)

18. Based on the above referenced facts, the Court finds good cause does not exist to permit Ms. Kinney's late claim form. Ms. Kinney was in the unique position of being the most well informed class member, as the named Plaintiff and a signee of the Settlement Agreement. (*See* ECF No. 20-1.) Despite this knowledge, she has not presented any explanation as to why she did not call Simpluris at an earlier date or explain the location of the other two notice packets mailed to the address provided by her own counsel. Accordingly, the Court finds that her claim form is invalid.

///

**Attorneys' Fees and Costs**

19. Under Federal Rules of Civil Procedure 23(h)(1) and Rule 54(d)(2), Plaintiffs in this class action have moved for an award of attorneys' fees and costs and service awards. Pursuant to Rule 23(h)(3), the Court must make findings of fact and state its conclusions of law.

20. This class action settlement resolves a wage-and-hour dispute on a class-wide basis.

21. The Court's August 7, 2017 order granted preliminary approval of the class-wide settlement agreement, an agreement which gives the Court discretion to award Class Counsel attorneys' fees of up to twenty five percent (25%) of the Gross Settlement Fund ($31,250) and reimbursement of reasonable litigation expenses not to exceed $10,000. *See* Settlement Agreement, ECF No. 20-1 at 12:11-15. The Settlement Agreement states: "The Parties agree that the Settlement Agreement shall remain binding even if the Court does not approve the cy pres recipient and/or the full amount of attorneys' fees, litigation costs, the full amount of the Service Enhancement Payment, PAGA payments, and/or Settlement Administration Costs. The Agreement shall remain binding with any such Court-ordered modification(s) and its terms will otherwise remain unchanged. Any reduction in the PAGA payment, Settlement Administration Costs, Plaintiff's attorneys' fees, litigation costs, and/or Service Enhancement Payment shall be added to the Net Settlement Amount." (*See* Settlement Agreement, ECF No. 20-1 at 13:14-21.)

22. Rule 23(h) of the Federal Rules of Civil Procedure provides: "In a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by . . . the parties' agreement." The Rule further provides that "[a] claim for an award must be made by motion under Rule 54(d)(2)," notice of which must be "directed to class members in a reasonable manner" and that the Court "must find the facts and state its legal conclusions under Rule 52(a)." Fed. R. Civ. P. 23(h)(1) & (3). In turn, Rule 54(d)(2) requires a claim for fees to be made by motion, and specifies its timing and content, including, in relevant part, "the grounds entitling the movant to the award" and "the amount sought." Fed. R. Civ. P. 54(d)(2)(B).

23. Plaintiff filed her Motion for Award of Attorneys' Fees and Costs and Service

Award on October 16, 2017 (ECF No. 33), in compliance with the schedule that the Court specified in its order granting preliminary approval (*i.e.*, "at least twenty-eight (28) days before the deadline for objections"). (*See* ECF No. 32, at 3:2-3.) The deadline for objections was November 13, 2017. (*See* Declaration of Cassandra Cita, at Ex. A (Class Notice), at 5.)

24. When counsel recovers a common fund that confers a "substantial benefit" on a class of beneficiaries, counsel is "entitled to recover their attorney's fees from the fund." *Fischel v. Equitable Life Assurance Soc'y of the U.S.*, 307 F.3d 997, 1006 (9th Cir. 2002); *Taylor v. Meadowbrook Meat Co., Inc.*, 2016 WL 4916955, at *5 (N.D. Cal. Sept. 15, 2016).

25. When "the settlement produces a common fund for the benefit of the entire class, courts have discretion to employ either the lodestar method or the percentage-of-recovery method" of calculating attorneys' fees awards. *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011).

26. Under the percentage-of-the-fund method, it is appropriate to base the percentage calculation on the gross settlement amount. *See generally Boeing v. Gemert*, 444 U.S. 472, 479, 100 S. Ct. 745, 62 L. Ed. 2d 676 (1980); *Williams v. MGM-Pathe Commc'ns Co.*, 129 F.3d 1026, 1027 (9th Cir. 1997). Indeed, "[w]here the settlement involves a common fund, courts typically award attorney's fees based on a percentage of the total settlement." *Taylor v. Meadowbrook Meat Co., Inc.*, 2016 WL 4916955, at *5 (N.D. Cal. Sept. 15, 2016).

27. The Court adopts the percentage-of-the-fund approach here and finds that the fee-and-expense amount is reasonable. The Ninth Circuit has stated that "25 percent of the fund [i]s the 'benchmark' award that should be given in common fund cases." *Six (6) Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990). That said, "the exact percentage varies depending on the facts of the case, and in 'most common fund cases, the award exceeds that benchmark.'" *Johnson v. General Mills, Inc.*, 2013 U.S. Dist. LEXIS 90338, at *20 (C.D. Cal. June 17, 2013) (quoting *Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 491 (E.D. Cal. 2010). Thirty percent is within the "usual range." *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002). *See also In re Activision Sec. Litig.*, 723 F. Supp. 1373, 1377-78 (N.D. Cal. 1989) (stating that "nearly all common fund awards range around 30%"). *See*

*also Morris v. Lifescan, Inc.*, 54 Fed. Appx. 663, 664 (9th Cir. 2003) (affirming 33% fee award); *Pacific Enterprises*, 47 F.3d 373, 379 (9th Cir. 1995) (same). When the Court awards fees above or below the benchmark, the "record must indicate the Court's reasons for doing so." *Glass v. UBS Fin. Servs.*, 2007 U.S. Dist. LEXIS 8476, at *44 (N.D. Cal. Jan. 26, 2007) (citing *Powers v. Eichen*, 229 F.3d 1249, 1256-57 (9th Cir. 2000)).

28. This settlement confers substantial monetary benefits, including a Gross Settlement Fund of $125,000. The requested fee award of $31,250 represents 25% of that amount.

29. In terms of a lodestar cross-check, the attorneys' fees requested, $31,250, is about 35% of the lodestar amount of $89,892. (*See* ECF No. 33 at 10:15.) The Court finds that Class Counsel's hours and hourly rates are reasonable. The fact that the requested fee award results in a "negative multiplier" supports a finding that the requested percentage of the fund is reasonable and fair.

30. Class counsel also are entitled to reimbursement of reasonable out-of-pocket expenses. Fed. R. Civ. P. 23(h); *see Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994) (attorneys may recover reasonable expenses that would typically be billed to paying clients in non-contingency matters.); *Van Vranken v. Atlantic Richfield Co.*, 901 F. Supp. 294, 299 (N.D. Cal. 1995) (approving reasonable costs in class action settlement). Costs compensable under Rule 23(h) include "nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). "The prevailing view is that expenses are awarded in addition to the fee percentage." *Jefferson v. H&M Hennes & Mauritz, L.P.*, 2013 U.S. Dist. LEXIS 2875 at *9 (C.D. Cal. Jan. 7, 2013) (quoting 1 Alba Conte, Attorney Fee Awards § 2:08 at 50-51). To date, Plaintiffs' counsel have advanced all costs incurred in this case. Plaintiffs' counsel's total incurred litigation expenses were $6,442.66, and do not include the modest, but real, expenses that will be incurred in the future. (*See* ECF No. 33 at 12:23-13:12.) These costs are reasonable.

31. Class counsel's costs of $6,442.66 are significantly less than the maximum that the Settlement allows, which is $10,000.

///

**Payment to the Settlement Administrator**

32. The Court approves payment to Simpluris, Inc. of $6,495 for its administration of the notice and settlement. That amount is less than the amount estimated in the Settlement Agreement, which was $7,500. (*See* ECF No. 22-1 at 3:17.)

**Service Award**

33. The Settlement Agreement authorizes the Court to award a service award to Plaintiff Roxanne Kinney in the amount of $5,000 for her service to the class. (*See* Settlement Agreement (ECF No. 22-1) at 3:20.) It is within the Court's discretion whether to award such payments and in what amount. (*See id*. at 5:1-8.)

34. The requested service award to Plaintiff Roxanne Kinney in the amount of $5,000.00 for her service to the class is warranted.

**Cy Pres**

35. The settlement provides that class members shall have ninety (90) days from the date their individual settlement payment checks are prepared to cash their settlement checks, and that any checks that remain uncashed upon the expiration of that 90-day time period will be void, and shall revert to *cy pres*. (*See* Settlement Agreement at 15:19-26.) The *cy pres* recipient shall be proposed by the parties and decided by the Court. (*See* Settlement Agreement at 15:21-22.) If a check is returned to the Settlement Administrator as undeliverable, the Settlement Administrator shall promptly attempt to obtain a valid mailing address by performing a skip trace search and, if another address is identified, shall mail the check to the newly identified address. If none is found, then said check shall revert to the *cy pres* recipient. (*See* Settlement Agreement at 15:22-26.)

36. The *cy pres* doctrine allows a court to distribute unclaimed or non-distributable portions of a class action settlement fund to the 'next best' class of beneficiaries." *Nachshin v. AOL, LLC*, 663 F.3d 1034, 1036 (9th Cir. 2011) (quoting *Six (6) Mexican Workers v. Ariz. Citrus Growers,* 904 F.2d 1301, 1307–08 (9th Cir. 1990)). "*Cy pres* distributions must account for the nature of the plaintiffs' lawsuit, the objectives of the underlying statutes, and the interests of the silent class members, including their geographic diversity." *See id.*

37.     "Not just any worthy recipient can qualify as an appropriate *cy pres* beneficiary." *Dennis v. Kellogg Co.*, 697 F.3d 858, 865 (9th Cir. 2012).  To avoid the "many nascent dangers to the fairness of the distribution process," we require that there be "a driving nexus between the plaintiff class and the *cy pres* beneficiaries." *Id*. (quoting *Nachshin*, 663 F.3d at 1038). "A *cy pres* award . . . must not benefit a group too remote from the plaintiff class . . . ." *Id*. (quoting *Six Mexican Workers,* 904 F.2d at 1308).

38.     The Settlement Administrator shall distribute any *cy pres* payments to the following *cy pres* recipient: California Bar Foundation, to disperse as it sees fit preferably in Northern California.

## Conclusion

39.     In accordance with the findings above, from the Gross Settlement Fund of $125,000, the Court orders: an award of $31,250 in attorneys' fees and $6,442.66 in incurred litigation costs to The Tidrick Law Firm; a service award to Plaintiff Roxanne Kinney in the amount of $5,000; $6,495 to the settlement administrator, Simpluris, Inc.; and the remainder, $75,812.34, to be distributed among the Class Members as specified in the Settlement.

40.     The Court notes that the amount to be distributed among the Class Members is more than 60% of the Gross Settlement Fund, which is a higher percentage than the original projected amount that the Court preliminarily found to be adequate and reasonable.

41.     The Settlement Administrator shall distribute the settlement funds as specified in accordance with the Settlement Agreement.

42.     The above-titled action is hereby dismissed, and the claims are released as provided in the Settlement Agreement.  Without affecting the finality of this final order and judgment in any way, this Court retains jurisdiction over: (a) effectuating and implementing the Settlement Agreement and its terms; (b) supervising all aspects of the administration of the Settlement Agreement; (c) determining whether, in the event that an appeal is taken from any aspect of this final order and judgment, whether to require the appellant to post a bond or provide other security, and such other matters as the Court may order; (d) enforcing and administering the Settlement Agreement, including any releases executed in connection therewith, and the

provisions of this final order and judgment; (e) adjudicating any disputes that arise under the Settlement Agreement; and (f) any other matters related or ancillary to the foregoing.

43. The Court hereby enters judgment in accordance with the foregoing. This Judgment is a final judgment in the suit. Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Court expressly finds that there is no just reason for delay. This final order and judgment shall be deemed a final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. The Court directs Judgment and immediate entry by the Clerk of the Court. The Clerk shall close the file.

IT IS SO ORDERED.

Dated: 1/22/2018

_____
Troy L. Nunley
United States District Judge